560 A.2d 836

**Gunars H. RAMINS, Appellant,**

**v.**

**CHEMICAL DECONTAMINATION CORPORATION and Hamilton Bank and Commonwealth of Pennsylvania, Department of Environmental Resources, Appellees.**

Commonwealth Court of Pennsylvania.

Argued April 4, 1989.

Decided June 13, 1989.

Reargument Denied Aug. 24, 1989.

560

Kevin J. Sommar, Sommar, Tracy & Sommar, Lansdale, for appellant.

Kenneth A. Gelburd, Asst. Counsel, Philadelphia, for DER.

Catherine M. Bush, Lancaster, for Hamilton Bank.

Before CRAIG and McGINLEY (P.), JJ., and NARICK, Senior Judge.

CRAIG, Judge.

Gunars H. Ramins, a judgment creditor, appeals from an order of Judge Thomas J. Eshelman of the Court of Common Pleas of Berks County that sustained preliminary objections of the Department of Environmental Resources (DER or the department) and dismissed the judgment creditor's writ of execution to the extent that it applied to DER.

The issues are (1) procedurally, whether DER's preliminary objections were untimely, when DER filed them more than twenty days after the expiration of an agreed extension for DER's response to the interrogatories served on the department as garnishee; and (2) substantively, if consideration of the preliminary objections was proper, whether statutory sovereign immunity or the common law doctrine of custodia legis bars a judgment creditor from garnishing funds constituting a bond required to be deposited with the state by a hazardous waste handler as a precondition to its obtaining a permit from DER.

## History

In June of 1984 DER, through its Bureau of Solid Waste Management, issued a permit to Chemical Decontamination Corporation (CDC) pursuant to the Solid Waste Management Act (Act)[1] for the operation of CDC's mobile unit for the treatment of wastes containing polychlorinated biphenyls. Because section 501 of the Act required a permit for CDC's hazardous waste treatment facility, section 505(a) of the Act required CDC to post a bond.[2] CDC posted a bond

1. Act of July 7, 1980, P.L. 380, *as amended,* 35 P.S. §§ 6018.101–6018.-1003.

2. Section 505(a) of the Act, 35 P.S. § 6018.505(a), provides in part:

with DER secured by a $10,000 certificate of deposit, which DER transmitted to the Commonwealth Treasury. Following the expiration of the original permit, after several extensions, CDC applied for and received a new permit, and DER accepted the previously posted certificate of deposit as collateral for the bond relating to the new permit.

Ramins, CDC's former landlord, obtained a confessed judgment against CDC in the Berks County Court of Common Pleas for unpaid rent and costs of collection. In an effort to enforce that judgment, Ramins, in the summer of 1987, secured the issuance of a writ of execution against Hamilton Bank, Reading, and DER for garnishment of the

[T]he operator of a ... hazardous waste storage, treatment or disposal facility for which a permit is required by this section shall file with the department a bond for the land affected by such facility on a form prescribed and furnished by the department.... The amount of the bond required shall be in an amount determined by the secretary based upon the total estimated cost to the Commonwealth of completing final closure according to the permit granted to such facility and such measures as are necessary to prevent adverse effects upon the environment; such measures include but are not limited to satisfactory monitoring, post-closure care, and remedial measures.... All permits shall be bonded for at least $10,000. *Liability under such bond shall be for the duration of the operation, and for a period of up to ten full years after final closure of the permit site.* Such bond shall be executed by the operator and a corporate surety licensed to do business in the Commonwealth and approved by the secretary: Provided, however, That the operator may elect to deposit cash, certificates of deposit, automatically renewable irrevocable letters of credit which are terminable only upon 90 days written notice to the operator and the department, or negotiable bonds of the United States Government or the Commonwealth of Pennsylvania ... in lieu of a corporate surety. The cash amount of such deposit, irrevocable letters of credit or market value of such securities shall be equal at least to the sum of the bond. *The secretary shall, upon receipt of any such deposit of cash or negotiable bonds, immediately place the same with the State Treasurer, whose duty it shall be to receive and hold the same in the name of the Commonwealth, in trust, for the purposes for which such deposit is made ....* The operator making the deposit shall be entitled from time to time to demand and receive from the State Treasurer, on the written order of the secretary, the whole or any portion of of any collateral so deposited, upon depositing with him, in lieu thereof, other collateral of the classes herein specified having a market value at least equal to the sum of the bond, *also to demand, receive and recover the interest and income from said negotiable bonds as the same becomes due and payable....* (Emphasis added.)

"the cash bond filed under the Solid Waste Management Act of July 7, 1980, Act 97," and also issued garnishee interrogatories to DER.[3] DER sought and received two extensions of the time within which to respond to the interrogatories, the second expiring on August 31, 1987. On October 1, 1987, DER filed preliminary objections in the nature of a demurrer to the writ and attempted garnishment. DER filed answers to the interrogatories on October 16, along with an attachment and "New Matter to Interrogatories" that repeated the defenses raised in the department's preliminary objections.

DER's preliminary objections asserted that the judgment creditor had failed to state a claim on which the court might grant relief because (1) the bond was not the property of the debtor, but rather an obligation owed to DER; (2) the collateral was not in the custody of DER, having been deposited with the Treasury as required by the Act; (3) DER was immune from garnishment and execution under 1 Pa.C.S. § 2310 and section 8522 of the Judicial Code, 42 Pa.C.S. § 8522; and (4) the doctrine of custodia legis barred garnishment of the money in question. The judgment creditor filed preliminary objections in the form of a motion to strike the preliminary objections and supporting brief filed by DER, contending that they were not timely.

After consideration of briefs of the parties and oral arguments, the trial court issued an order dismissing the preliminary objections of the judgment creditor, sustaining

3. Pa.R.C.P. No. 3145, relating to interrogatories and procedure, provides in part:
 (a) The procedure between the plaintiff [judgment creditor] and the garnishee shall, as far as practicable, be the same as though the interrogatories were a complaint and the answer of the garnishee were an answer in a civil action.
 DER asserts that the interrogatories did not comply with the requirements of Pa.R.C.P. No. 3253, relating to the form of interrogatories to a garnishee, in that the sentence instructing the garnishee to respond within twenty days of service appeared at the end rather than at the beginning and, more importantly, that the statement that failure to respond in that period might result in judgment against the garnishee did not appear at all. Therefore, DER contends, the notice it received was defective.

the preliminary objections of DER and dismissing the writ of execution to the extent that it applied to DER. The court's opinion, issued after the appeal to this court, based the decision on the alternative grounds (1) that attachment and execution on Solid Waste Management Act bonds did not fall within the enumerated specific exceptions to sovereign immunity set forth in 42 Pa.C.S. § 8522, and hence DER was immune from suit on that basis, or (2) that attachment and execution were barred by the doctrine of *custodia legis*, which holds that public entities should not be subjected to the vexation of involvement in disputes between those who post bonds and their creditors. This appeal followed.

### *Timeliness of DER's Preliminary Objections*

Preliminary objections provided for in the chapter of the Rules of Civil Procedure relating to enforcement of money judgments for the payment of money, Pa.R.C.P. Nos. 3101–3149, are somewhat different in nature from those set forth in the portion of the Rules relating to civil actions generally. The general rule, Pa.R.C.P. No. 1017(b), enumerates a limited and exclusive list of preliminary objections available to any party, which does *not* include the defense of immunity. Pa.R.C.P. No. 1030 lists the defense of immunity as one of the affirmative defenses that shall be set forth in a responsive pleading under the heading "New Matter". However, Pa.R.C.P. No. 3142 provides:

(a) *The defenses of immunity or exemption of property from attachment* or a question of jurisdiction over the garnishee *may be raised by preliminary objections filed by* the defendant or *the garnishee.*

. . . .

(c) A question of jurisdiction may be raised only by preliminary objections which shall be filed before the garnishee enters an appearance or files an answer to interrogatories. *Exemption or immunity of property from execution may be raised at any time.* (Emphasis added.)

In addition, the Note to Rule 3142 points out that Pa.R.C.P. No. 3145(b) authorizes the garnishee to raise the defenses of immunity or exemption by answer to interrogatories, and Pa.R.C.P. No. 3121(d) authorizes the court, on the application of any party in interest, to set aside the writ, service or levy upon a showing of exemption or immunity of property from execution or upon any other legal or equitable ground.

■ Ramins has not cited a particular rule as the basis for his argument that DER's preliminary objections were not timely, but the basis would appear to be Pa.R.C.P. No. 1026(a), which states that every pleading subsequent to the complaint shall be filed within twenty days after service of the preceding pleading, if such preceding pleading contains a notice to defend or a notice to plead. However, the twenty-day period has by no means been enforced strictly:

> Pa.R.C.P. 1026 provides that a pleading shall be filed within 20 days after service of a preceding pleading. This rule is not mandatory but permissive. We have held that late pleadings may be filed 'if the opposing party is not prejudiced and justice requires. Much must be left to the discretion of the [trial] court.'

*Paulish v. Bakaitis*, 442 Pa. 434, 441, 275 A.2d 318, 321–22 (1971) (quoting *Fisher v. Hill*, 368 Pa. 53, 57, 81 A.2d 860, 863 (1951) (emphasis deleted)).

As DER correctly notes, Ramins has failed to demonstrate any prejudice resulting from the trial court's consideration of DER's late-filed preliminary objections. The judgment creditor did *not* file a praecipe with the prothonotary for entry of judgment by default, *see* Pa.R.C.P. No. 3146(a)(1), before DER filed its preliminary objections and answers with new matter. We have a "long-established rule that although the filing of a responsive pleading may be late, if it is filed before the filing of a praecipe for judgment, it will nevertheless bar a default judgment." *Vision Service Plan of Pennsylvania v. Pennsylvania AFSCME Health and Welfare Fund*, 326 Pa.Superior Ct. 474, 478, 474 A.2d 339, 341 (1984), *appeal after remand*, 331 Pa.Superior Ct. 217, 480 A.2d 322 (1984); *accord, Colo-*

*nial School District v. Romano's School Bus Service,* 118 Pa.Commonwealth Ct. 460, 545 A.2d 473 (1988).

Even if Ramins had filed a praecipe for entry of judgment by default, and judgment in an unliquidated amount had been entered in his favor, pending a hearing before a judge to determine the amount, as provided in Rule 3146(a)(1), Rule 3142 would have permitted DER to raise its defenses of immunity and exception at that hearing. Ramins' contention that he was deprived of the opportunity to present evidence on issues of fact at such a hearing misses the point completely. The issue of DER's immunity from the judgment creditor's suit is a pure question of law that ends the suit if it is resolved in DER's favor. Ramins was not prejudiced because the trial court considered that question on the basis of late-filed preliminary objections rather than at some later time. The court's action in considering DER's objections was entirely within its discretion. Further, Ramins was not deprived of his right to plead over within twenty days of the overruling of his preliminary objections because the court's simultaneous sustaining of the department's preliminary objections terminated the case.

## Statutory Sovereign Immunity

■ DER contends that Ramins has waived a controlling issue by not challenging the trial court's first alternative basis for dismissing the writ of execution. The court held that the department was immune from this suit because the statutes provide for sovereign immunity in 1 Pa.C.S. § 2310 and 42 Pa.C.S. § 8521, and that 42 Pa.C.S. § 8522, setting forth an exclusive list of exceptions to sovereign immunity, does not encompass suits for the attachment of and execution upon funds in the possession of the state. Because Ramins mentioned sovereign immunity in his statement of questions in his main brief, and offered argument on the point in his reply brief, we shall consider his position.

Ramins contends that his attempt to garnish the funds in question here is within the exception to sovereign immunity provided in § 8522(b)(3), which allows for state liability

relating to the care, custody and control of personal property in the possession or control of Commonwealth parties. However, Ramins' contention overlooks the point that the subsection (b) exceptions serve to define liability imposed in subsection (a), which waives sovereign immunity "as a bar to an action against Commonwealth parties, *for damages arising out of a negligent act....*" (Emphasis added.) An attempt to garnish personal property of a debtor in the possession of a third party, here the state, is not an action for damages arising out of alleged *negligence* by the garnishee in the use of that personal property. Therefore, Ramins' action does not fall within the exception he asserts.

## Custodia Legis

 Although our holding on the sovereign immunity issue would be a sufficient basis for affirming the decision under review, we shall address the merits of Ramins' argument relating to the doctrine of custodia legis, because the trial court elaborated an analysis under that doctrine as an independent, alternative basis for dismissing Ramins' writ. The doctrine of custodia legis provides generally that funds or other property in the possession of the Commonwealth or one of its political subdivisions, owing to individuals, are not subject to attachment under the public policy that the government should be free from the annoyance and uncertainty arising out of disputes between those to whom the state owes the property it holds and those claiming a right to the same property by garnishment. *Buchholz v. Cam,* 288 Pa.Superior Ct. 33, 36, 430 A.2d 1199, 1200 (1981) (citing *Bulkley v. Eckert,* 3 Pa. 368 (1846)).

The judgment creditor relies on cases that have recognized an exception to the doctrine, permitting garnishment, when the public purpose for which the money or other property was held has been achieved, and the property merely awaits distribution to the judgment debtor. *Buchholz,* 288 Pa.Superior Ct. at 36, 430 A.2d at 1200 (citing *Weicht v. Automobile Banking Co.,* 354 Pa. 433, 47 A.2d

705 (1946) and *Wheatcroft v. Smith,* 239 Pa.Superior Ct. 27, 362 A.2d 416 (1976)).[4]

Ramins notes that section 505(a) of the Solid Waste Management Act, quoted above, n. 2, permits the operator of a waste treatment facility to substitute one form of security for another of equal value, and that the section permits the operator to recover the interest and income on the posted security as such becomes due and payable. Therefore, he argues, the particular certificate of deposit at issue here is not serving a public purpose because CDC could substitute other assets for it, and, in any event, the *interest* earned on the certificate is statutorily excluded from serving the public purpose for which the certificate itself was posted.

DER responds that the bonding procedure established by section 505(a) expressly requires retention of the posted security during an extensive postclosure period as a form of financial assurance that a permittee will not disappear or declare bankruptcy, or that, if it does, funds will be available to assist in any necessary cleanup. DER notes that Ramins has not claimed here that the specified postclosure period has run. The department contends that the bond posted by CDC still is serving its public purpose and should not be subject to claims by outside claimants as a result of nonenvironmental legal actions. However, DER acknowledged at oral argument that the claim of public purpose does not extend to the interest on the posted certificate of deposit.

4. Although this exception to the doctrine of custodia legis is well established in the caselaw, we question its rationale. Whether the public purpose for which funds have been held by the state has been fulfilled appears to relate to the *availability* of the funds for garnishment rather than to the inconvenience of subjecting public officials to garnishment proceedings, which is the basis for the doctrine. Funds in the hands of officials are not *owing* to an individual until the public purpose for which they are held has been fulfilled; hence those funds would not be available for garnishment even in the absence of any other bar to their collection. At the same time, the "annoyance and uncertainty" resulting from public officials' becoming embroiled in disputes between debtors and creditors would not appear to be markedly less where the state claims no proprietary interest in the property at issue. *See* 9 Goodrich–Amram 2d § 3111(b):7.1 n. 15.

We agree completely with DER that Ramins has not made out a claim that the public purpose for which the certificate at issue here was posted has been accomplished. Further, CDC's right to substitute other collateral as security for the bond in no way subjects the security currently held by the state to garnishment. If CDC should substitute other security, then the certificate would be subject to garnishment, but not with the state as garnishee; the act of substitution would mean that the certificate was no longer in the possession of the state.

■ The same reasoning does not apply to the interest that accrues on the certificate.[5] The operator's absolute right under section 505(a) to demand that interest as it becomes due and payable shows that the interest is *not* being held for a public purpose. Hence, the interest would fall within the exception to the doctrine of custodia legis and be subject to garnishment if no other bar applied.

At this point, therefore, our ruling above on the issue of sovereign immunity becomes germane. In the absence of any showing by the judgment creditor that his action for garnishment falls within some exception to sovereign immunity—either among those enumerated in 42 Pa.C.S. § 8522(b) or in some other statutory provision—the attempted garnishment of the interest earned on the certificate of deposit at issue here is barred by statutory sovereign immunity, even though such garnishment would not be barred under the doctrine of custodia legis.

The act that established the statutory sovereign immunity set forth in 42 Pa.C.S. §§ 8521 and 8522 was the Act of October 5, 1980, P.L. 693, which became effective sixty days after its adoption. In at least one case since the effective date of that act, a state agency asserted a custodia legis defense to an attempted attachment of funds in its posses-

5. Although the actual writ of execution upon which Ramins is suing names only "the cash bond filed under the Solid Waste Management Act" as its subject, Ramins has consistently asserted a right to any interest earned as well. In view of CDC's statutory right to demand and receive the interest when it becomes due and payable, we shall consider the writ as being formally sufficient to reach the interest.

sion, and this court held that the circumstances fell within the exception outlined in *Buchholz v. Cam*, thereby affirming the vitality of that exception where a state agency was involved. *Department of General Service v. Collingdale Millwork Co.*, 71 Pa.Commonwealth Ct. 286, 291 n. 2, 454 A.2d 1176, 1178 n. 2 (1983). However, the state agency in that case did not raise an issue of sovereign immunity, so the question of the relation of that statutory rule to the custodia legis exception was not before the court. Our research has uncovered no case expressly considering the relation between the two doctrines.

Further support for the proposition that the state may not be a garnishee may be found in the chapter of the Rules of Civil Procedure relating to the enforcement of money judgments for the payment of money. Pa.R.C.P. No. 3101, relating to definitions and garnishee, provides in part as follows:

(a) As used in this chapter

'judgment' means a judgment, order, or decree requiring the payment of money entered in any court which is subject to these rules, including a final or interlocutory order for payment of costs, *except a judgment against the Commonwealth, a political subdivision or a public authority;*

. . . .

(b) Any *person* may be a garnishee.... (Emphasis added.)

One of the notes to Rule 3101 states:

Judgments against the Commonwealth, political subdivisions and public authorities constituting bodies corporate and politic, shall be enforced in accord with the appropriate Acts of Assembly which remain unsuspended.

The definition of "person" in Pa.R.C.P. No. 76 is that the term "includes a corporation, partnership and association, as well as a natural person;" but that definition does *not* encompass the Commonwealth and its political and economic instrumentalities or subdivisions. *See* 9 Goodrich–Amram 2d § 3101(b):1 and 1.1.

In the absence of any claim by a judgment creditor that his effort to garnish funds in the possession of the state is authorized by some express statutory provision, the language of the sovereign immunity provisions of the Judicial Code as well as the language of the Rules of Civil Procedure relating to such garnishment compel the conclusion that the state is immune from the judgment creditor's action. Accordingly, we shall affirm the order of the court of common pleas sustaining the preliminary objections of DER to Ramins' writ of execution and dismissing the writ to the extent that it applied to DER.[6]

### ORDER

NOW, June 13, 1989, the order of the Court of Common Pleas of Berks County at Nos. 266 June 1987 A.D. and 61 June 1987 E.D., dated September 1, 1988, is affirmed.

---

**6.** The conclusion that the state is immune from garnishment by Ramins does not necessarily mean that Ramins has no way to reach the interest on the certificate of deposit. In a proper proceeding, Ramins may very well be able to compel CDC to demand the interest as that becomes due and payable and then to attach and levy upon those funds when they are in the possession of the debtor. Our conclusion here simply bars Ramins from garnishing that money while it remains in the possession of the state.