**PHEAA**

v.

**Amrit LAL, Appellant.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs March 6, 1998.

Decided June 29, 1998.

Reconsideration and/or Reargument Denied Aug. 25, 1998.

Amrit Lal, West Chester, for appellant.

Linda J. Laub, Harrisburg, for appellee.

Before COLINS, President Judge,
SMITH, J., and LORD, Senior Judge.

SMITH, Judge.

Amrit Lal, pro se, appeals from an order of the Court of Common Pleas of Chester County (trial court) of April 14, 1997 that denied Lal's petition to modify or to vacate the trial court's order of January 3, 1997, which placed on the record a settlement agreed to between Lal and his son Atul T. Lal on one part and the Pennsylvania Higher Education Assistance Agency (PHEAA) on the other to resolve all aspects of the litigation between them.[1] Lal questions, among other things, whether the trial court erred by failing to enforce the settlement, whether the trial court should have required PHEAA to return $4500 that it received from Lal and his son and whether PHEAA should have conspired to participate in an unlawful attachment of property that was already *in custodia legis*.[2] PHEAA counter-states the questions involved as whether the trial court had subject matter jurisdiction to modify or vacate the January 3 order, when the petition was not filed until February 4, 1997, and whether the trial court abused its discretion in denying Lal's petition.

In December 1991 PHEAA filed a complaint against Lal and his son, alleging that they intentionally furnished false information on loan applications to obtain state grant aid to which Lal's son was not entitled. A default judgment was entered in Dauphin County. Pursuant to a writ of execution issued in Chester County, personal property of the Lals was seized for a sheriff's sale to satisfy the default judgment, including two television sets, a personal computer system and printer, a video cassette recorder and other items. At the sheriff's sale on May 30, 1996, PHEAA was the only bidder; it secured the property for $1 and had a professional moving company store the property.

On January 3, 1997, the trial court issued an order incorporating the parties' agreed-upon language for an amicable settlement and providing that PHEAA would accept $4500 in full settlement of all claims arising out of this or any related matter; that PHEAA would immediately release and effect the return of all property sold at the sheriff's sale; that Amrit Lal and his son would immediately authorize release of $4500 to PHEAA from the bond posted in the matter, with the balance to be returned to the Lals; and that all parties would release every other party from any claims arising out of the matter, with claims regarding any alleged damage to the property to be the responsibility of the custodian, Hill & Perry, Inc., and PHEAA to have no responsibility in connection with such claims unless the custodian were in bankruptcy.

On February 4, 1997, Lal filed a petition asking the trial court to vacate or to modify the January 3 order. PHEAA filed an answer denying the principal allegations of Lal's petition and explaining its efforts to secure release of the property. No depositions were taken under Pa. R.C.P. No. 206.7, relating to discovery procedures after issuance of a rule to show cause, and only Lal appeared at the April 11 argument. In an order of April 14, 1997, supplemented by an opinion of May 31, 1997, the trial court found, inter alia, that PHEAA made several unsuccessful attempts to have Lal's property re-

---

1. Lal appealed this matter to the Superior Court, which transferred the case to this Court.

2. Lal also questions whether the January 3, 1997 order constituted a valid contract and compromise, although that point is not in dispute. In addition, Lal questions the validity of the default judgment that was the basis for the seizure of Lal's property in the first place. These matters have long since been concluded and are not subject to challenge in this proceeding.

leased and that PHEAA requested and received assistance from the Chester County Sheriff's Office, which forced the custodian to release the property to the Sheriff.[3] Based upon the facts established by Lal's deemed admissions, the trial court found that PHEAA had acted in good faith to carry out the mandate of the court's order and concluded that there was no basis upon which to grant Lal's request to modify or to vacate that order.

■ This Court turns first to PHEAA's contention that the trial court lacked subject matter jurisdiction to consider Lal's petition to modify or to vacate. If an adjudicative body below lacks subject matter jurisdiction, an appellate court does not acquire jurisdiction by an appeal. *Pennsylvania National Guard v. Workmen's Compensation Appeal Board,* 63 Pa.Cmwlth. 1, 437 A.2d 494 (1981). PHEAA relies upon Section 5505 of the Judicial Code, 42 Pa. C S. § 5505, which provides that, in general, a court upon notice to the parties may modify or rescind any order within 30 days of its entry if no appeal from such order has been taken or allowed. Section 5505 consistently has been interpreted to mean that a judgment entered in adverse proceedings, i.e., a contested case, becomes final if no appeal is filed within 30 days, and thereafter the judgment normally cannot be modified, rescinded or vacated. *Orie v. Stone,* 411 Pa.Super. 481, 601 A.2d 1268 (1992), *appeal dismissed as improvidently granted,* 533 Pa. 315, 622 A.2d 286 (1993); *Simpson v. Allstate Ins. Co.,* 350 Pa.Super. 239, 504 A.2d 335 (1986).

■ An order entering a settlement agreement of parties on the record, by definition, is not an order in a contested case – the parties have agreed to certain terms to resolve their dispute, and they jointly request that the court memorialize the agreement for them. A consent decree is not a legal determination by the court of the matters in controversy but rather is merely an agreement between the parties, that is, a contract binding them to the settlement's terms. *Lower Frederick Township v. Clemmer,* 518 Pa. 313, 543 A.2d 502 (1988). Courts routinely

are called upon to enforce consent orders they have issued based upon later claims that parties have not fulfilled their obligations under them. *See, e.g., Lower Frederick Township* (township months later filed a petition for further interim relief and final decree alleging failure to comply with the terms of the consent decree and order).

In the present case, Lal's petition was in essence a petition requesting the trial court to enforce the January 3 order by determining that there had been a failure of consideration on the part of PHEAA. If the trial court accepted Lal's position, then PHEAA could not fulfill the requirement that it return the property to Lal "immediately," and the trial court would have to fashion some other remedy or direct some further procedure. Section 5505 did not deprive the trial court of jurisdiction over such a petition.

Lal asserts that the trial court erred in accepting "lame excuses" from PHEAA that the storage facility needed additional funds; he contends that if PHEAA had problems meeting its end of the bargain contained in the settlement agreement, it should have filed a petition with the judge rather than taking the law into its own hands. Further, he argues that the property in question was *in custodia legis* and could not be subjected to any further attachment by the Sheriff. Lal states that the trial court in its opinion of May 31, 1997 blamed him and his son for not taking depositions allowed by the court, but he maintains that the plain language of the settlement agreement made no additional evidence necessary. He adds an allegation that the head of PHEAA is a personal friend of the trial judge and that she told Lal on or about July 9, 1997 that she had spoken with the judge and told him not to make a ruling in Lal's favor. PHEAA responds that the trial court did not abuse its discretion in denying Lal's petition. PHEAA asserts that it was not its fault that another creditor instructed the Sheriff to levy upon the property at issue.

■ This Court first observes that Lal's arguments ignore the provision of Pa. R.C.P.

**3.** At the April 11 argument, the trial court noted that the property had not been returned to the

Lals because the Sheriff levied upon the goods on behalf of another creditor.

No. 206.7(c) that the responsive allegations of the answer are deemed admitted unless the petitioner provides depositions challenging them. At the argument on April 11, 1997, after the trial court noted that a PHEAA representative accompanied Lal to the storage facility on January 3, Lal stated that his understanding was that the PHEAA representative did not have authorization to pay the outstanding bill. Lal requested an extension so that he might submit a request for admissions or take depositions. The trial court stated:

> Unfortunately, Dr. Lal, that was the reason that I afforded the 60 days, to take depositions, in paragraph four of the order that I signed on February 4 of '97. I can't do legal work for litigants.
>
> . . . .
>
> .... I afforded 60 days which is an extra long period of time for you to conduct whatever discovery was necessary in order to prepare a factual record for this argument this morning. This is not a hearing this morning. It's an argument on the petition.

N.T. at p. 10. Lal had a full opportunity to attempt to raise any factual issues as to lack of good faith in PHEAA's conduct following the January 3 order. Under Pa. R.C.P. No. 206.7(c), the allegations in PHEAA's answer were not "lame excuses' but rather were facts that the trial court was obliged to accept as true.

Similarly, Lal's allegations that PHEAA sought to violate the trial court's order by having the property released to the Sheriff rather than to Lal are denied in PHEAA's answer to the Lals' petition, which states in Paragraph 10 that PHEAA, after several failed attempts to effect release of the property, contacted the Sheriff's office for assistance in enforcing the trial court's order. Lal could have attempted to show otherwise through discovery, but he elected not to do so. Therefore, Lal must rely upon his contention that PHEAA's admission in its answer that the property was not returned to him immediately was per se evidence of breach of the settlement contract. This challenges the trial court's interpretation of the January 3, 1997 order and the court's findings that PHEAA acted in good faith to comply with the order and that the Sheriff's maintaining possession of the property and levying upon it was an act of the Sheriff, not of PHEAA. This Court, however, sees no error or abuse of discretion in the trial court's determinations.

Finally, because the trial court found that the Sheriff was responsible for not returning the property to Lal after its release from the storage facility, Lal's invocation of the doctrine of *custodia legis* is not relevant to PHEAA's conduct. This doctrine provides generally that property in the possession of the state or a political subdivision that is owing to individuals may not be subject to attachment, under the policy that the government should be free from the annoyance and uncertainty of disputes between those to whom the state owes the property and others who claim a right by garnishment. *Ramins v. Chemical Decontamination Corp.*, 126 Pa.Cmwlth. 559, 560 A.2d 836 (1989), *appeal denied*, 525 Pa. 622, 577 A.2d 893 (1990). The Court notes, however, that an exception to this doctrine exists where the public purpose for which the property has been held has been achieved, and the property merely awaits distribution. *Buchholz v. Cam*, 288 Pa.Super. 33, 430 A.2d 1199 (1981). In the present case the property at issue was awaiting distribution when the Sheriff obtained possession of it. Because the Court finds no basis in this record for reversing the order of the trial court, that order is affirmed.

### ORDER

AND NOW, this 29th day of June, 1998, the order of the Court of Common Pleas of Chester County is affirmed.