# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Gerald S. Lepre, Jr.          :
                     :
              v.             :
                     :
US Bancorp d/b/a US Bank    :
and Corporate Trust Services;    :
Gerald S. Lepre, Sr.; and Christine    :
Lepre-Lukus                   :
                     :
              v.             :
                     :
Pennsylvania Department of Treasury    :
Bureau of Unclaimed Funds       :
                     :   No. 903 C.D. 2018
Appeal of: Gerald S. Lepre, Jr.    :   Submitted: October 19, 2018


BEFORE:    HONORABLE MARY HANNAH LEAVITT, President Judge
                 HONORABLE ANNE E. COVEY, Judge
                 HONORABLE MICHAEL H. WOJCIK, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE COVEY                    FILED: February 8, 2019


        Gerald S. Lepre, Jr. (Lepre), pro se, appeals from the Dauphin County Common Pleas Court's (trial court) March 14, 2018 order sustaining the Pennsylvania Department of Treasury (Treasury) Bureau of Unclaimed Fund's (Bureau) Preliminary Objections and dismissing Lepre's action with prejudice. The issue before this Court is whether the trial court erred by sustaining Treasury's Preliminary Objections.[1] After review, we affirm.

---

[1] In Lepre's "Statement of the Questions Involved," he lists the following issues for this Court's review: (1) whether sovereign immunity and/or the doctrine of *custodia legis* would be frustrated by permitting a judgment creditor to attach or garnish unclaimed funds held by Treasury; and (2) whether the facts of this case represent an exception to sovereign immunity and the doctrine of *custodia legis*. Lepre Br. at 5. Treasury's "Counterstatement of the Questions Involved," specifies the following issues: (1) whether Lepre's action is barred by collateral estoppel; (2)

## Background

This case has a prolonged history, but the facts related to this appeal are undisputed. In 2010, US Bancorp d/b/a US Bank and Corporate Trust Services (US Bancorp) delivered to Treasury $10,500.00 in uncashed checks (Property) in the names of Lepre's parents, Gerald S. Lepre, Sr. and Christine Lepre-Lukus (Parents), as the primary owners for the benefit of Lepre's deceased brother Matthew A. Lepre (M. Lepre).[2]

On September 28, 2011, Lepre filed a claim with the Bureau for the Property's proceeds. On October 24, 2011, the Bureau denied Lepre's claim because Lepre failed to establish that he was the Property's trustee or beneficiary. Lepre appealed from the Bureau's determination to Treasury, which held a hearing on May 9, 2012. Lepre asserted that, due to M. Lepre's death, Lepre was entitled to the Property.[3] On June 21, 2012, Treasury denied and dismissed Lepre's claim. On June

---

whether the trial court properly held that Lepre failed to establish an exception to sovereign immunity; and (3) whether the doctrine of *custodia legis* bars Lepre from enforcing his judgment. Because these issues are subsumed in determining whether the trial court erred by sustaining the Preliminary Objections, we have restated the issues accordingly.

Treasury also listed as an issue: whether the trial court properly determined that this Court has jurisdiction. *See* Treasury Br. at 2, 9-10; *see also* Concise Statement of Errors Complained of on Appeal, Original Record Item 36. However, since Lepre concedes this Court's jurisdiction, *see* Lepre Br. at 3, that issue will not be addressed herein.

[2] Under Section 1301.2(a) of the portion of The Fiscal Code commonly referred to as the Disposition of Abandoned and Unclaimed Property Act (DAUPA), "[a]ll abandoned . . . property . . . is subject to the custody and control of the Commonwealth[.]" Act of April 9, 1929, P.L. 343, *as amended*, added by Section 5 of the Act of December 9, 1982, P.L. 1057, 72 P.S. § 1301.2(a). Section 1301.14 of DAUPA, also added by Section 5 of the Act of December 9, 1982, P.L. 1057, states: "Upon the payment or delivery of the property to the [] Treasurer, the Commonwealth shall assume custody and shall be responsible for the safekeeping thereof." 72 P.S. § 1301.14. The purpose is to allow the Commonwealth to attempt to reunite the abandoned property with its lawful owner. *See Am. Express Travel Related Servs., Inc. v. Sidamon-Eristoff*, 669 F.3d 359 (3d Cir. 2012). Section 1301.1 of DAUPA, added by Section 5 of the Act of December 9, 1982, P.L. 1057, defines "owner," in relevant part, as "a person that has a legal or equitable interest in property . . . ." 72 P.S. § 1301.1.

[3] At the hearing, Lepre introduced M. Lepre's death certificate, but did not offer the trust documents into the record.

25, 2012, Lepre appealed from Treasury's decision to this Court. On March 4, 2013, this Court affirmed Treasury's order because Lepre failed to prove that he was entitled to the Property's proceeds. *See* Treasury Br. Attachment 1, *Lepre v. Dep't of Treasury, Bureau of Unclaimed Prop.* (Pa. Cmwlth. No. 1186 C.D. 2012, filed March 4, 2013).

In July 2013, Lepre sued his parents and US Bancorp in the Allegheny County Common Pleas Court (Allegheny County trial court) which, on January 28, 2015, rendered a non-jury verdict in Lepre's favor and against Parents in the amount of $9,000.00 plus interest from June 4, 2003. Lepre reduced the verdict to a judgment on February 18, 2015. Original Record (O.R.) Item 3 (Judgment/Non-Jury Verdict). Thereafter, Lepre filed a post-trial relief motion with the Allegheny County trial court seeking equitable relief in the nature of an order directing Treasury to release the Property. By April 21, 2015 order, the Allegheny County trial court denied Lepre's post-trial motion because Lepre failed to request/waived any right to equitable relief, and because Treasury was not a party to the action. *See* Treasury Br. Attachment 2. Lepre appealed to the Superior Court, which dismissed his appeal on July 6, 2015 due to Lepre's failure to file a brief. *See* Treasury Br. Attachment 3.

**Facts**

In June 2017, Lepre filed a praecipe for writ of execution in the trial court naming Treasury as garnishee, therein requesting the Property's attachment pursuant to the Allegheny County trial court's judgment. *See* O.R. Items 6 (Praecipe for Writ of Execution), 21 (Sheriff's Return). On July 25, 2017, Treasury filed the Preliminary Objections, therein contending: the action is barred because of collateral estoppel, sovereign immunity[4] and the doctrine of *custodia legis*;[5] the trial court lacks

---

[4]    [U]nder the Pennsylvania Rules of Civil Procedure, immunity from suit is an affirmative defense that must be pled in a responsive

jurisdiction; and Treasury is not a proper garnishee. *See* O.R. Items 8 (Treasury's Preliminary Objections), 18 (Treasury's Brief in Support of Preliminary Objections). On August 1, 2017, Lepre opposed the Preliminary Objections. *See* O.R. Items 11 (Lepre's Answer to Preliminary Objections), 20 (Lepre's Br. in Opposition to Preliminary Objections). On March 14, 2018, after a hearing, the trial court sustained Treasury's Preliminary Objections and dismissed Lepre's action with prejudice because Lepre failed to identify a waiver of sovereign immunity which entitled him to relief, and because the trial court lacked subject matter jurisdiction over an action against a Commonwealth agency. *See* O.R. Items 2 (Trial Ct. Op.), 25 (February 6, 2018 Order), 34 (Notes of Testimony, March 8, 2018). On March 20, 2018, Lepre appealed to the Superior Court, which transferred the matter to this Court.[6]

---

> pleading under the heading new matter, not as a preliminary objection. We recognize that courts have permitted limited exception to this rule and have allowed parties to raise the affirmative defense of immunity as a preliminary objection. The affirmative defense, however, must be clearly applicable on the face of the complaint. Where the plaintiff does not object to the improper procedure, courts have ruled on the affirmative defense of immunity raised by preliminary objections.

*Smolsky v. Pa. Gen. Assembly*, 34 A.3d 316, 321 n.7 (Pa. Cmwlth. 2011) (citations omitted), *aff'd*, 50 A.3d 1255 (Pa. 2012). Here, Lepre did not object to Treasury's procedure.

[5] The doctrine of *custodia legis*

> provides generally that property in the possession of the state . . . that is owing to individuals may not be subject to attachment, under the policy that the government should be free from the annoyance and uncertainty of disputes between those to whom the state owes the property and others who claim a right by garnishment.

*Pa. Higher Educ. Assistance Agency v. Lal*, 714 A.2d 1116, 1119 (Pa. Cmwlth. 1998).

[6] "When reviewing a trial court's order sustaining preliminary objections in the nature of a demurrer, our standard of review is *de novo* and our scope of review is plenary." *Young v. Estate of Young*, 138 A.3d 78, 84 (Pa. Cmwlth. 2016).

On May 18, 2018, Treasury filed a motion to quash Lepre's Superior Court appeal. On May 29, 2018, Lepre filed an application to dismiss, which this Court treated as an answer to Treasury's motion to quash. On July 16, 2018, this Court denied Treasury's motion to quash.

4

Lepre argues that the trial court erred by sustaining Treasury's Preliminary Objections. Specifically, Lepre contends that sovereign immunity and the doctrine of *custodia legis* would not be frustrated by permitting a judgment creditor to attach or garnish unclaimed funds held by Treasury. Lepre further asserts that the facts of this case represent an exception to sovereign immunity and the doctrine of *custodia legis*.

Initially,

'[w]here a [trial court] dismisses a complaint based on preliminary objections, this Court's review is limited to determining whether the trial court committed an error of law or an abuse of discretion.' *Kittrell v. Watson*, 88 A.3d 1091, 1095 (Pa. Cmwlth. 2014). When considering preliminary objections, we must accept as true all well-pleaded material facts alleged in the complaint and all reasonable inferences deducible therefrom. A preliminary objection should be sustained only in cases when, based on the facts pleaded, it is clear and free from doubt that the facts pleaded are legally insufficient to establish a right to relief.

*Minor v. Kraynak*, 155 A.3d 114, 121 (Pa. Cmwlth. 2017) (citation omitted).

Here, Treasury objected to Lepre's writ of execution and the trial court sustained the objection because the action is barred by sovereign immunity.[7] *See* O.R. Items 8, 18. Lepre did not specifically challenge Treasury's sovereign immunity defense before the trial court.[8] *See* O.R. Items 11, 20. However, Lepre

---

On September 6, 2018, because US Bancorp and Parents failed to file their briefs by August 27, 2018, they were ordered to do so by September 20, 2018. As a result of their failure to timely file briefs as ordered, on October 12, 2018, this Court precluded US Bancorp and Parents from filing briefs in this matter.

[7] Treasury also objected to Lepre's writ of execution on the basis that the action was barred by collateral estoppel. *See* O.R. Items 8, 18. The trial court did not specifically address that objection, and Lepre did not raise that issue in this appeal. Accordingly, that issue is not before us.

[8] In his Brief in Opposition to the Preliminary Objections, Lepre stated: "Since the doctrine of *custodia*[] *legis* does not apply and the facts . . . clearly carve out an exception . . . [Lepre] need not argue against the [P]reliminary [O]bjections to . . . immunity[.]" O.R. Item 20 at 5.

argues to this Court on appeal that the facts of this case carve out an exception to the general rule of sovereign immunity. Lepre clearly raised the issue of sovereign immunity in his "Statement of the Questions Involved" in his brief and referred to it in his argument; therefore, this Court shall consider it. *See Ramins v. Chem. Decontamination Corp.*, 560 A.2d 836 (Pa. Cmwlth. 1989).

"Pursuant to Article I, Section 11 of the Pennsylvania Constitution, the General Assembly declared that 'the Commonwealth . . . shall continue to enjoy sovereign immunity and official immunity and remain immune from suit except as the General Assembly shall specifically waive the immunity.' 1 Pa.C.S. § 2310." *Minor*, 155 A.3d at 121 (footnote omitted). Section 8522(a) of the portion of the Judicial Code commonly referred to as the Sovereign Immunity Act (Act),[9] provides:

> The General Assembly, pursuant to [S]ection 11 of Article I of the Constitution of Pennsylvania, does hereby waive, in the instances set forth in subsection (b) . . . , sovereign immunity as a bar to an action against Commonwealth parties, for damages arising out of a negligent act where the damages would be recoverable under the common law or a statute creating a cause of action if the injury were caused by a person not having available the defense of sovereign immunity.

42 Pa.C.S. § 8522(a). In Section 8522(b) of the Act, the General Assembly waived sovereign immunity for Commonwealth agencies relative to: (1) vehicle liability; (2) medical-professional liability; (3) care, custody or control of personal property; (4) Commonwealth real estate, highways and sidewalks; (5) potholes and other dangerous conditions; (6) care, custody or control of animals; (7) liquor store sales; (8) National Guard activities; and (9) toxoids and vaccines. *See* 42 Pa.C.S. § 8522(b).

> In essence, sovereign immunity may be overcome where the party can establish: (1) **a common law or statutory**

[9] 42 Pa.C.S. §§ 8521-8528.

6

**cause of action under which damages could be recoverable** if not for the immunity defense, **and** (2) the alleged negligent act falls within one of the nine **specific exceptions** provided in [Section 8522(b) of the Act].

*Kull v. Guisse*, 81 A.3d 148, 157 (Pa. Cmwlth. 2013) (emphasis added).

Lepre cites *Buchholz v. Cam*, 430 A.2d 1199 (Pa. Super. 1981), in support of his position that the facts before the Court carve out an exception to the general immunity rule. However, *Buchholz* is a *custodia legis* case that did not reference sovereign immunity. In addition, Lepre's litigation is not grounded in negligence or other common law or a statutory cause of action,[10] and he does not contend that any of the immunity exceptions apply to this case.

Collecting a debtor's property in Treasury's custody is not expressly listed among the sovereign immunity exceptions, nor is it fairly encompassed therein. The care, custody and control of personal property exception relates to "[t]he care, custody or control of personal property in the possession or control of Commonwealth parties, including . . . property of persons held by a Commonwealth agency[.]" 42 Pa.C.S. § 8522(b)(3). However, the Pennsylvania Supreme Court has ruled: "An attempt to garnish personal property of a debtor in the possession of a third party, here the state, is not an action for damages arising out of alleged *negligence* by the garnishee" that implicates the care, custody and control of personal

---

[10]    Initially, [Lepre] must meet the threshold requirement that the alleged damages would be recoverable under the common law or a statute against a party not protected by sovereign immunity by proving the following elements of negligence: (1) [Treasury's] duty or obligation recognized by law; (2) a breach of that duty; (3) a causal connection between [Treasury's] conduct and the resulting injury; and (4) actual damages.

*Page v. City of Phila.*, 25 A.3d 471, 475 (Pa. Cmwlth. 2011). Lepre made no such claims against Treasury in his underlying case.

7

property exception to sovereign immunity.[11]  *Ramins*, 560 A.2d at 840.  This Court has concluded that "[i]n the absence of any claim by a judgment creditor that his effort to garnish funds in the possession of the state is authorized by some express statutory provision, the language of the [Act] as well as the language of the Rules of Civil Procedure relating to such garnishment compel the conclusion that the state is immune from the judgment creditor's action."[12]  *Ramins*, 560 A.2d at 842.

Because Lepre has not brought a negligence action, none of the specified immunity exceptions apply, and Lepre has not cited to any other express statutory provision that authorizes his requested relief, it is clear and free from doubt that "[Treasury] . . . shall continue to enjoy sovereign immunity[.]"[13]  1 Pa.C.S. § 2310. Accordingly, the trial court properly sustained Treasury's Preliminary Objection that sovereign immunity barred Lepre's claim against Treasury and dismissed Lepre's action on that basis.

Based on the foregoing, the trial court's order is affirmed.



ANNE E. COVEY, Judge

---

[11] Moreover, Treasury is not a proper garnishee.  *See Ramins*.  Pennsylvania Rule of Civil Procedure No. (Rule) 3101(a) relating to judgments for the payment of money defines judgment as "a judgment or order requiring the payment of money entered in any court . . . except a judgment against the Commonwealth or a political subdivision[.]"  Pa.R.C.P. No. 3101(a).  Rule 3101(b) provides that "[a]ny person may be a garnishee . . . ."  Pa.R.C.P. No. 3101(b).  Rule 76 defines "person" as "a corporation, partnership and association, as well as a natural person[,]" Pa.R.C.P. No. 76, "but that definition does *not* encompass the Commonwealth . . . .  *See* 9 Goodrich-Amram 2d § 310 1(b): 1 and 1.1."  *Ramins*, 560 A.2d at 842.

[12] Immunity remains the rule; thus, the Court must narrowly construe the exceptions applicable under the Act.  *See Gale v. City of Phila.*, 86 A.3d 318 (Pa. Cmwlth. 2014); *see also Quinones v. Dep't of Transp.*, 45 A.3d 467 (Pa. Cmwlth. 2012).

[13] In light of this Court's holding, we need not address the applicability of the *custodia legis* doctrine.

8

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Gerald S. Lepre, Jr.         :
                               :
           v.            :
                               :

US Bancorp d/b/a US Bank  :
and Corporate Trust Services;  :
Gerald S. Lepre, Sr.; and Christine  :
Lepre-Lukus              :
                               :
           v.            :
                               :

Pennsylvania Department of Treasury  :
Bureau of Unclaimed Funds  :
                             :   No. 903 C.D. 2018
Appeal of: Gerald S. Lepre, Jr.  :

## O R D E R

AND NOW, this 8th day of February, 2019, the Dauphin County Common Pleas Court's March 14, 2018 order is affirmed.

_____
ANNE E. COVEY, Judge