IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Joseph M. Black,                          :
                    Petitioner            :
                                          :
          v.                              :     No.  1191 C.D. 2021
                                          :     Submitted:  July 22, 2022
Pennsylvania Parole Board,                :
                    Respondent            :


BEFORE:   HONORABLE MICHAEL H. WOJCIK, Judge
          HONORABLE CHRISTINE FIZZANO CANNON, Judge
          HONORABLE STACY WALLACE, Judge


OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WALLACE                                FILED:  September 29, 2022


          Joseph Black (Petitioner) petitions for review of an order of the Pennsylvania

Parole Board (Board) that dismissed a challenge to the recalculation of his maximum

sentence date as untimely.  After review, we quash the appeal for lack of jurisdiction.

          In March of 2015, Petitioner pled guilty to various theft-related offenses and

received a sentence of incarceration with a minimum release date of July 8, 2016

and a maximum sentence date of January 8, 2025.  On February 28, 2017, the Board

released Petitioner on parole.  Petitioner remained on parole until his July 2020

conviction for summary harassment[1] in connection with a domestic violence

incident.  Before this incident but while he remained on parole, Petitioner had three

stints of temporary incarceration that did not result in the revocation of his parole.

_____
[1] 18 Pa.C.S. § 2709(a).

Two of these were for new charges that were ultimately withdrawn; the other was for technical violations of the conditions of Petitioner's parole. Altogether, these periods of incarceration totaled 497 days. *See* Certified Record (C.R.) at 101 (calculating credit due Petitioner for "confinement time" incurred on parole).

On July 13, 2020, Munhall Borough police arrested Petitioner after catching him in the act of strangling his wife, which led him to plead guilty to summary harassment.[2] Based on his new conviction, the Board mailed two copies of the same order to Petitioner,[3] one on September 29, 2020, and the other on October 9, 2020 (Revocation Order), revoking his parole and recommitting him to a state correctional institution to serve six months' backtime.[4,5] The Board noted Petitioner would serve this time "when available, pending sentencing on" his new conviction. C.R. at 97. The Revocation Order did not recalculate Petitioner's maximum sentence date.

On October 27, 2020, the Board received a petition for administrative review from Petitioner challenging the Revocation Order (First Board Petition). Petitioner argued he pled guilty under the impression that his conviction for summary harassment would only render him a technical parole violator. He wrote that his attorney was "unaware" of changes to the Prisons and Parole Code, 61 Pa.C.S. §§ 101-7301, that provided for his recommitment as a *convicted* parole violator (CPV)

---

[2] Petitioner was sentenced on October 14, 2020.

[3] The deadline for an appeal from a decision of the Board is calculated from the date the decision is mailed, not the date it is decided. 37 Pa. Code § 73.1(a)(1).

[4] The difference between the two copies of the Revocation Order, other than the mailing dates, is that the September 29, 2020 copy was signed by Acting Board Secretary, Scott A. Woolf, and the October 9, 2020 copy was signed by Board Secretary, Deborah L. Carpenter.

[5] "Backtime" is "an additional part of the term [of incarceration] which the parolee would have been compelled to serve" if he was never paroled in the first place. 37 Pa. Code § 75.2; *see also* 37 Pa. Code § 61.1.

and therefore "misled" him. C.R. at 111; *see also* 61 Pa.C.S. § 6138(a)(1.1) (providing that conviction for summary harassment may lead to recommitment as a convicted parole violator). Additionally, despite the absence of a recalculated maximum sentence date in the Revocation Order, Petitioner alleged error in "the new calculated max date." C.R. at 111.

On December 21, 2020, the Board mailed another order recalculating Petitioner's new maximum sentence date to January 12, 2027 (Recomputation Order). Petitioner did not file a petition for administrative review of this decision. Later, in an order issued on April 6, 2021,[6] the Board denied a request from Petitioner for reparole (Reparole Denial Order). In addition to stating its rationale for denying an additional period of parole, the Reparole Denial Order reiterated the new maximum sentence date calculated by the Recomputation Order. Petitioner then filed a petition for administrative review of the Reparole Denial Order on the sole basis that the maximum sentence date contained therein was incorrect (Second Board Petition). Specifically, Petitioner argued the new date should reflect credit for street time[7] that the Board had already awarded him in connection with his periods of temporary detention in 2018 and 2019. *See* C.R. at 114 (arguing that the Board "is not permitted to 'reach back' and revoke" previously awarded credit for time spent at liberty on parole).

The Board mailed an order on October 6, 2021 (Final Board Decision), that addressed both of Petitioner's requests for administrative review. Regarding the First Board Petition's allegation that Petitioner was misled as to whether he could

---

[6] The record does not indicate when this decision was mailed to Petitioner.

[7] "Street time" is a colloquial term that refers to time a parolee spends while released, or "at liberty," on parole. *See Penjuke v. Pa. Bd. of Prob. & Parole*, 203 A.3d 401, 403 (Pa. Cmwlth. 2019).

be recommitted as a CPV when he pled guilty, the Board observed Petitioner had the right to a revocation hearing where he might have presented this argument, but he waived that right and admitted to the conviction. Furthermore, the Board noted this crime was clearly delineated as a crime for which CPV status was authorized by 61 Pa.C.S. § 6138(a)(1.1) at the time of Petitioner's offense.

The Board also determined the First Board Petition's challenge to Petitioner's new maximum sentence date was "premature" because that date was not recalculated until the Board mailed the Recomputation Order on December 21, 2020.[8] C.R. at 121-22. Pursuant to Board regulations, Petitioner had 30 days, or until January 20, 2021, to file a timely petition for administrative review of this decision. *See* 37 Pa. Code § 73.1(b)(1). Because Petitioner did not take any steps to address the alleged error in the recomputation of his maximum sentence date until he filed the Second Board Petition in April of 2021, the Board dismissed his challenge as untimely.

With the assistance of counsel, Petitioner now appeals to this Court. On appeal from a decision of the Board, our review is limited to determining whether the Board violated Petitioner's constitutional rights, adhered to statutory law, followed the procedures for agency adjudications outlined in the Administrative Agency Law,[9] and supported its factual findings with substantial evidence. 2 Pa.C.S. § 704.

Before this Court, Petitioner raises a single issue: whether the Board unlawfully rescinded credit it had allegedly already granted him for time spent at

---

[8] The Board indicated that, when it issued the Revocation Order, it deferred recalculation of Petitioner's maximum sentence date because it was waiting for Petitioner to be sentenced on his conviction for summary harassment. The Allegheny County Court of Common Pleas sentenced Petitioner on October 14, 2020.

[9] *See* 2 Pa.C.S. §§ 501-08.

liberty on parole when it recommitted him based on his new criminal conviction. While the parties have briefed the merits of this issue, it is not properly before the Court. As the Board noted below, Petitioner never filed an administrative appeal of the Recomputation Order, the issuance of which marked the moment when the Board denied Petitioner credit for street time. *See* C.R. at 103. In its final decision, the Board correctly determined that Petitioner's attempt to raise concerns about the recalculation of his maximum sentence date via the First Board Petition was "premature," as that recalculation, and the concomitant denial of credit for time spent at liberty on parole, did not actually occur until the Board issued the Recomputation Order.[10] C.R. at 117. When Petitioner later attempted to raise the credit-denial issue in the Second Board Petition, he was essentially challenging previous action taken by the Board via the Recomputation Order. This he cannot do.

This Court has long held that decisions revoking an individual's parole and imposing backtime—like the Revocation Order—and decisions recalculating that individual's maximum sentence date—like the Recomputation Order—are distinct Board actions that must be appealed separately. *Wright v. Pa. Bd. of Prob. & Parole*, 743 A.2d 1004, 1006 (Pa. Cmwlth. 1999). The Board's regulations provide that petitions for administrative review "shall be received at the Board's Central Office within 30 days of the mailing date" of the challenged decision. 37 Pa. Code § 73.1(b)(1). We have held that this deadline is jurisdictional, meaning the Board

_____

[10] We are aware that, on September 10, 2020, a hearing examiner completed a report recommending that Petitioner be denied credit for his street time and that one Board member joined this recommendation. C.R. at 87-92. However, the record contains no indication this recommendation constituted a final decision of the Board, or that the report was ever mailed to Petitioner. This conclusion is supported by the Final Board Decision's statement that the Board had not yet "finalized" its recalculation of Petitioner's maximum sentence date until it issued the Recomputation Order, and that Order's announcement that the Board had decided to deny credit for street time.

lacks authority to consider untimely petitions. *McCullough v. Pa. Bd. of Prob. & Parole*, 256 A.3d 466, 471 (Pa. Cmwlth. 2021) (citation omitted).

Pursuant to 37 Pa. Code § 73.1(b)(1), Petitioner had until January 20, 2021, to submit a timely challenge to the Recomputation Order's denial of credit for time spent at liberty on parole. As noted, Petitioner did not submit any request for review directly addressing this decision. Instead, after the Board issued the Reparole Denial Order on April 6, 2021, Petitioner filed the Second Board Petition on April 21, which challenged his recalculated maximum sentence date by arguing it was tainted by an unlawful denial of credit. *See* C.R. at 114 (arguing that "the only means for this maximum date of sentence to be reached would be if the Board revoked the time spent at liberty on parole . . .."). Crucially, the Reparole Denial Order did not purport to change Petitioner's maximum sentence date in any way—it merely carried forward the new maximum date calculated by the Recomputation Order. *See* C.R. at 109-10. As such, the Board correctly determined it lacked jurisdiction to consider Petitioner's challenge. By extension, we also lack jurisdiction to consider the merits of this claim and must therefore quash the appeal. *See Martin v. Zoning Hearing Bd. of W. Vincent*, 230 A.3d 540, 544 (Pa. Cmwlth. 2020) ("If an adjudicative body below lacks subject matter jurisdiction, an appellate court does not acquire jurisdiction by an appeal.") (quoting *Pa. Higher Educ. Assistance Agency v. Lal*, 714 A.2d 1116, 1118 (Pa. Cmwlth. 1998)); *see also Lee v. Pa. Bd. of Prob. & Parole*,

251 A.3d 842, 847 n.7 (Pa. Cmwlth. 2021) (quashal appropriate where parolee's claim is untimely under Board regulations).[11]

_____
STACY WALLACE, Judge

---

[11] As noted, the Board's denial of credit for street time is the only issue raised in the Petition for Review in this Court.  Petitioner does not reprise his earlier claim that he was misled by his attorney about the parole consequences of his guilty plea.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Joseph M. Black,              :
            Petitioner     :
                                :
        v.                 :    No. 1191 C.D. 2021
                                :
Pennsylvania Parole Board,     :
            Respondent    :

# **O R D E R**

**AND NOW**, this 29th day of September, 2022, the Petition for Review filed by Petitioner Joseph M. Black is **QUASHED** for lack of jurisdiction.

_____
STACY WALLACE, Judge