# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Walter B. Morris,                              :
                                               :
                    Petitioner                 :
                                               :
          v.                                   :    No. 668 C.D. 2016
                                               :    Submitted: September 30, 2016
Pennsylvania Treasury Department               :
Bureau of Unclaimed Property,                  :
                                               :
                    Respondent                 :


BEFORE:    HONORABLE MARY HANNAH LEAVITT, President Judge
           HONORABLE MICHAEL H. WOJCIK, Judge
           HONORABLE JAMES GARDNER COLINS, Senior Judge


**OPINION BY**
**SENIOR JUDGE COLINS**                        **FILED:  December 28, 2016**


          Walter B. Morris (Claimant), *pro se*, petitions for review of an order
of the Pennsylvania Treasury Department, Bureau of Unclaimed Property, under
Article XIII.1 of The Fiscal Code, entitled Disposition of Abandoned and
Unclaimed Property (Unclaimed Property Law),[1] that denied his claim for an
escheated savings account.  For the reasons set forth below, we affirm.

          The property at issue here, Property ID No. 6382886, is a statement
savings account in the amount of $688.33 in the names of Geraldine Morris and
Brenda D. Coleman (Brenda Coleman) that was escheated to the Pennsylvania
Treasury Department (Department).  (Hearing Officer Decision Finding of Fact

---

[1] Act of April 9, 1929, P.L. 343, added by the Act of December 9, 1982, P.L. 1057, *as amended*,
72 P.S. §§ 1301.1-1301.29.

(F.F.) ¶1.) Claimant is the son of Geraldine Morris and the half-brother of Brenda Coleman. (*Id.* F.F. ¶¶2, 4.) Brenda Coleman was the daughter of Geraldine Morris and Calvin Coleman, who was not Claimant's father. (*Id.*) Geraldine Morris died in 1999. (*Id.* F.F. ¶3.) Brenda Coleman died on September 7, 2011. (*Id.* F.F. ¶4.) Calvin Coleman was alive at the time of Brenda Coleman's death and subsequently died on April 30, 2015. (Certified Record (C.R.) Item 16, Hearing Transcript (H.T.) at 4.)

In 2006, before Brenda Coleman's death, Claimant wrote to the Department's Bureau of Unclaimed Property (Bureau) asserting that Geraldine Morris was deceased and that Brenda Coleman was an invalid unable to walk or talk, and seeking to claim Property ID No. 6382886 as Geraldine Morris's next of kin. (C.R. Item 1, Ex. B1.) The Bureau, in response, requested that Claimant provide a copy of a power of attorney for Brenda Coleman. (*Id.*, Ex. B2; C.R. Item 16, H.T. at 4-5.) Claimant took no further action on this claim.

In 2012, after Brenda Coleman's death, Claimant filed the claim at issue in this appeal, asserting that he is entitled to Property ID No. 6382886 as Geraldine Morris's sole surviving child. (C.R. Item 1 Exs. C1, D2.) On July 11, 2013, the Bureau denied the claim on the ground that Brenda Coleman's heir was entitled to the property because she was the last surviving owner. (*Id.* Ex. F2.) Claimant filed a further affidavit in support of this claim asserting that he was entitled to Property ID No. 6382886 as Brenda Coleman's heir because he was her brother. (*Id.* Ex. F1.) On July 31, 2015, the Bureau advised Claimant that the claim was denied for the reasons set forth in its July 11, 2013 denial letter. (*Id.* Ex. F3.) On August 24, 2015, Claimant filed a petition for review appealing the denial of his claim to the Department, and a hearing on the appeal was held on January 5,

2016 before a hearing officer. At this hearing, Claimant stipulated to the dates of death of Geraldine Morris, Brenda Coleman and Calvin Coleman. (C.R. Item 16, H.T. at 4.) Claimant also testified that Geraldine Morris was his mother and that Calvin Coleman was not his father. (*Id.* at 6-7.) Claimant did not make any claim or introduce any evidence at the hearing that Calvin Coleman was disqualified from inheriting from his daughter Brenda Coleman.

On March 31, 2016, the hearing officer issued a decision denying Claimant's claim. The hearing officer held that Brenda Coleman became the sole owner of Property ID No. 6382886 when Geraldine Morris, the co-owner, predeceased her and that when Brenda Coleman died, the property passed to her father Calvin Coleman, who was alive at the time, as her heir. (Hearing Officer Decision at 5-7 & Conclusion of Law (C.L.) ¶3.) The hearing officer concluded that because Claimant was not Calvin Coleman's son, Claimant was not a person to whom Calvin Coleman's property passed when Calvin Coleman died and that Claimant therefore had no interest in Property ID No. 6382886. (*Id.* at 6-7 & C.L. ¶¶ 2, 4.) This appeal followed.[2]

The burden of proof in an administrative proceeding under the Unclaimed Property Law is on the claimant to show by a preponderance of the

---

[2] Our review is limited to determining whether an error of law was committed, whether the hearing officer's necessary findings of fact are supported by substantial evidence and whether constitutional rights were violated. *First Federal Savings & Loan Association of Hazleton v. Office of the State Treasurer, Unclaimed Property Review Committee*, 650 A.2d 1166, 1167 n. 4 (Pa. Cmwlth. 1994), *aff'd*, 669 A.2d 914 (Pa. 1995); *Estate of Dellenberger v. Bureau of Unclaimed Property*, (Pa. Cmwlth., No. 2688 C.D. 2010, filed October 11, 2011), slip op. at 6 n.7, 2011 WL 10893868 at *2 n.7. While *Estate of Dellenberger* and *Lepre v. Department of Treasury*, (Pa. Cmwlth., No. 1186 C.D. 2012, filed March 4, 2013), 2013 WL 3960879, cited below, are unreported decisions and therefore are not binding precedent, the Court finds them to be persuasive authority. *See* 210 Pa. Code § 69.414(a).

evidence that he is entitled to the property that he seeks. *Lepre v. Department of Treasury*, (Pa. Cmwlth., No. 1186 C.D. 2012, filed March 4, 2013), slip op. at 5, 2013 WL 3960879 at \*3; *Estate of Dellenberger v. Bureau of Unclaimed Property*, (Pa. Cmwlth., No. 2688 C.D. 2010, filed October 11, 2011), slip op. at 7, 2011 WL 10893868 at \*3; *see also Agostino v. Township of Collier*, 968 A.2d 258, 269 (Pa. Cmwlth. 2009) (standard of proof in administrative proceedings is preponderance of the evidence). The hearing officer correctly concluded that Claimant failed to show that he has any entitlement to Property ID No. 6382886.

Because the savings account was a joint account of Geraldine Morris and Brenda Coleman, Brenda Coleman became the sole owner of the funds in the account by right of survivorship when Geraldine Morris predeceased her. *See* Section 6304(a) of the Probate, Estates and Fiduciaries Code, 20 Pa. C.S. § 6304(a) ("Any sum remaining on deposit at the death of a party to a joint account belongs to the surviving party or parties as against the estate of the decedent unless there is clear and convincing evidence of a different intent at the time the account is created"). When Brenda Coleman died in 2011, Property ID No. 6382886 passed to her heirs under Section 2103 of the Probate, Estates and Fiduciaries Code. Under Section 2103, where there is no surviving spouse and decedent has no children, the decedent's property passes to her parents, not to her siblings. 20 Pa. C.S. § 2103(1)-(3).[3] Section 2103 expressly provides that property passes to the

---

[3] Section 2103 of the Probate, Estates and Fiduciaries Code provides:
>  The share of the estate, if any, to which the surviving spouse is not entitled, and the entire estate if there is no surviving spouse, shall pass in the following order:
>  (1) Issue.--To the issue of the decedent.
>  (2) Parents.--If no issue survives the decedent, then to the parents or parent of the decedent.
>  (3) Brothers, sisters, or their issue.--If no parent survives the decedent, then to the issue of each of the decedent's parents.

**(Footnote continued on next page…)**

decedent's brothers and sisters only "[i]f no parent survives the decedent." 20 Pa. C.S. § 2103(3). As the hearing officer correctly concluded, because Brenda Coleman's father, Calvin Coleman, survived her, Property ID No. 6382886 passed to him and not to Claimant as Brenda Coleman's brother. Although Calvin Coleman is now deceased, Property ID No. 6382886 belongs to his estate. Claimant is not among the persons to whom Calvin Coleman's property passed under Section 2103 of the Probate, Estates and Fiduciaries Code because Claimant is not a child of Calvin Coleman and is not a parent, brother, grandparent, or uncle of Calvin Coleman or a child or grandchild of any of his siblings, grandparents, uncles or aunts. 20 Pa. C.S. § 2103(1)-(5).

Claimant argues that Calvin Coleman's right to inherit from Brenda Coleman's estate is barred because he allegedly abandoned and failed to support her. This argument fails for lack of evidence. Section 2106(b) of the Probate, Estates and Fiduciaries Code provides that

---

**(continued…)**

(4) Grandparents.--If no issue of either of the decedent's parents but at least one grandparent survives the decedent, then half to the paternal grandparents or grandparent, or if both are dead, to the children of each of them and the children of the deceased children of each of them, and half to the maternal grandparents or grandparent, or if both are dead to the children of each of them and the children of the deceased children of each of them. If both of the paternal grandparents or both of the maternal grandparents are dead leaving no child or grandchild to survive the decedent, the half which would have passed to them or to their children and grandchildren shall be added to the half passing to the grandparents or grandparent or to their children and grandchildren on the other side.

(5) Uncles, aunts and their children, and grandchildren.--If no grandparent survives the decedent, then to the uncles and aunts and the children and grandchildren of deceased uncles and aunts of the decedent as provided in section 2104(1) (relating to taking in different degrees).

(6) Commonwealth.--In default of all persons hereinbefore described, then to the Commonwealth of Pennsylvania.

20 Pa. C.S. § 2103 (emphasis omitted).

5

> [a]ny parent who, for one year or upwards previous to the death of the parent's minor or dependent child, has:
>
> (1) failed to perform the duty to support the minor or dependent child or who, for one year, has deserted the minor or dependent child …
>
> *        *        *
>
> shall have no right or interest under this chapter in the real or personal estate of the minor or dependent child. The determination under paragraph (1) shall be made by the court after considering the quality, nature and extent of the parent's contact with the child and the physical, emotional and financial support provided to the child.

20 Pa. C.S. § 2106(b).  Claimant, however, has not shown that any determination has been made by any court that Brenda Coleman, an adult, remained a dependent child until her death, that Calvin Coleman failed to support her or deserted her, or that Calvin Coleman forfeited his right to inherit from Brenda Coleman under Section 2106(b).  Indeed, there is no evidence at all in the record before the hearing officer from which a finding could be made that Calvin Coleman failed to support or deserted Brenda Coleman.[4]

Accordingly, we affirm the Bureau's order.

_____
JAMES GARDNER COLINS, Senior Judge

---

[4] Claimant filed applications in this Court seeking to introduce evidence in support of his forfeiture argument.  This Court denied these applications, but made clear that Claimant was not barred from seeking a forfeiture ruling by filing a petition against Calvin Coleman's estate in the Orphan's Court Division of the Court of Common Pleas with jurisdiction over Brenda Coleman's estate.  Claimant, to date, has filed nothing in this Court that demonstrates that he has commenced such a proceeding and that such a proceeding is pending.

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Walter B. Morris,                    :
                                     :
            Petitioner               :
                                     :
        v.                           :    No. 668 C.D. 2016
                                     :
Pennsylvania Treasury Department     :
Bureau of Unclaimed Property,        :
                                     :
            Respondent               :

## **O R D E R**

AND NOW, this 28th day of December, 2016, the order of the Pennsylvania Treasury Department, Bureau of Unclaimed Property, in the above matter is AFFIRMED.

_____
JAMES GARDNER COLINS, Senior Judge