# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Rudolph R. Sutton,             :
              Petitioner     :
                                :
         v.                      :    No. 1970 C.D. 2016
                                :    Submitted: October 27, 2017
Commonwealth of Pennsylvania,     :
Department of Treasury, Bureau of     :
Unclaimed Property,              :
              Respondent    :

BEFORE:    HONORABLE ROBERT SIMPSON, Judge
                HONORABLE ANNE E. COVEY, Judge
                HONORABLE JAMES GARDNER COLINS, Senior Judge

OPINION NOT REPORTED

**MEMORANDUM OPINION**
**BY JUDGE SIMPSON**             **FILED: January 24, 2018**

Rudolph R. Sutton (Claimant), representing himself, petitions for review from a final determination of the Department of Treasury, Bureau of Unclaimed Property (Bureau) under Article XIII.1 of the Fiscal Code, Disposition of Abandoned and Unclaimed Property (Unclaimed Property Law).[1] The Bureau awarded Claimant half the unclaimed property of his deceased son (Decedent). Claimant agues he is entitled to the full amount of Decedent's unclaimed property, even though Decedent's mother is still living. Upon review, we affirm.

## I. Background

In October 2013, Decedent died intestate while a resident of the state

---

[1] Act of April 9, 1929, P.L. 343, added by the Act of December 9, 1982, P.L. 1057, as amended, 72 P.S. §§1301.1-1301.29.

of Washington. Later that month, the Bureau received $906.00 from the Office of the Budget, as unclaimed property of Decedent.

In September 2015, Claimant submitted a claim for the $906.00, as Decedent's father. As part of the claim submission, Claimant executed a Relationship Affidavit, in which he listed Decedent's mother as also entitled to share in Decedent's unclaimed property.

The Bureau initially denied the claim because Decedent's death certificate stated he was married at the time of his death. Claimant filed an administrative appeal. He submitted a copy of a divorce decree establishing that Decedent and his wife divorced in April 2013, several months before Decedent's death.

The Bureau then offered to disburse the entire $906.00 to Claimant without the need for further proceedings, provided Claimant would submit a notarized Affidavit and Indemnification Agreement (Indemnification) in a form supplied by the Bureau. The requested Indemnification acknowledged that Claimant was only entitled to half of the proceeds and had a fiduciary duty to disburse the other half to those legally entitled, i.e., to Decedent's mother. The Indemnification also provided that Claimant would be personally liable should he fail to perform his undertaking to distribute the other half of the proceeds to Decedent's mother.

Despite repeated reminders from the Bureau, Claimant never submitted the requested Indemnification. Eventually, Claimant sent a letter to the Bureau

refusing to execute the Indemnification. He insisted the Relationship Affidavit he submitted with his claim was sufficient. Claimant also contended he was entitled to the entire $906.00.

The Bureau then issued a final agency decision that Claimant was entitled to half of Decedent's unclaimed property, or $453.00. Claimant filed a petition for review with this Court.

## II. Issue

On appeal,[2] Claimant argues he is entitled to the entire $906.00 of Decedent's unclaimed property. Claimant contends that even though Decedent's mother is still living, Claimant should receive all of Decedent's unclaimed property from the Bureau because he is the only party who filed a claim. Claimant also insists the Relationship Affidavit he submitted to the Bureau with his claim was sufficient to satisfy the Bureau's request that Claimant promise to distribute half the fund to Decedent's mother.

## III. Discussion

A person submitting a claim to the Bureau under the Unclaimed Property Law bears the burden of demonstrating entitlement to the funds claimed, by a preponderance of the evidence. Morris v. Treasury Dep't Bureau of Unclaimed Prop., 152 A.3d 1083 (Pa. Cmwlth. 2016). The Bureau found Claimant was entitled

---

[2] Our review is limited to determining whether an error of law was committed, whether the hearing officer's necessary findings of fact were supported by substantial evidence and whether constitutional rights were violated. Morris v. Treasury Dep't Bureau of Unclaimed Prop., 152 A.3d 1083 (Pa. Cmwlth. 2016).

to half of Decedent's unclaimed property. The Bureau found as a fact that Decedent's mother is living. Therefore, the Bureau determined Decedent's mother is entitled to the other half of Decedent's unclaimed property.

## A. Mootness

As a threshold matter, the Bureau contends Claimant's appeal is moot because he received and cashed a check from the Bureau for $453.00, the half of Decedent's unclaimed property to which Claimant is entitled. We reject this argument.

The only evidence that Claimant received and cashed a check is an affidavit executed by Edward Palmer, Comptroller of the Pennsylvania Treasury Department (Palmer Affidavit), attached as an exhibit to the Bureau's brief. The Palmer Affidavit contains a copy of a negotiated check payable to Claimant in the amount of $453.00. However, the Palmer Affidavit is not part of the certified record. A party may not supplement the record on appeal by attaching additional material to an appellate brief. Pa. Dep't of Educ. v. Bagwell, 114 A.3d 1113 (Pa. Cmwlth. 2015). We will not consider information not contained in the certified record. Capital BlueCross v. Pa. Ins. Dep't, 937 A.2d 552 (Pa. Cmwlth. 2007), appeal denied sub nom. Sklaroff v. Ario, 963 A.2d 906 (Pa. 2009).

Moreover, we disagree that remitting payment of half the claimed amount eliminated any case or controversy for appeal. The main basis of Claimant's appeal is that he is entitled to the entire $906.00, not half that amount. The Bureau

4

does not explain how payment of $453.00 resolved that issue. We conclude Claimant's appeal is not moot.

## B. Insufficiency of the Relationship Affidavit

Claimant argues the Relationship Affidavit was adequate to support disbursement to him of the entire $906.00 of Decedent's unclaimed property. We disagree.

The Bureau correctly points out that the Relationship Affidavit applies only to claims regarding decedents who die while residing in Pennsylvania. 20 Pa. C.S. §3101(e)(1). Claimant's submission of a legally inapplicable affidavit with his original claim did not suffice as a substitute for the Indemnification requested by the Bureau.

More importantly, the Relationship Affidavit contained no language requiring Claimant to disburse half of Decedent's unclaimed property to Decedent's mother. The Bureau's caution in demanding the Indemnification, which contained such a promise as a condition of disbursing the whole amount to Claimant, was especially understandable in light of Claimant's ongoing insistence that he alone is entitled to the entire amount.

Claimant does not suggest the requested Indemnification was burdensome or unobtainable. We conclude the Bureau did not err in refusing to disburse the entire $906.00 to Claimant without receiving the executed Indemnification.

### C. Claimant's Share of Decedent's Unclaimed Property

Claimant argues he should receive the entire $906.00, even though Decedent's mother is living and equally entitled by law to share in Decedent's unclaimed property. The only basis Claimant offers to support his position is that he is the only person who filed a claim. In fact, Claimant posits that if he loses his appeal, he can simply submit another claim to the Bureau to obtain the other half of Decedent's unclaimed property. We discern no merit in this argument.

The Bureau asserts Washington's intestacy statute applies in this case, because Decedent died a resident of Washington. Under Washington law, the estate of a person who dies intestate without issue is distributed to the decedent's surviving parent or parents.[3] See Rev. Code Wash. (ARCW) §11.04.015(2)(b). Claimant does not dispute this assertion. Moreover, Claimant himself acknowledged in the Relationship Affidavit that Decedent's mother was entitled to a share of Decedent's unclaimed property. See C.R., Item No. 1, Ex. A. The Bureau correctly concluded that Decedent's mother is equally entitled to share in Decedent's unclaimed property along with Claimant. See C.R., Item No. 11 at 7.

Nevertheless, Claimant insists he alone is entitled to all of Decedent's unclaimed property because no one else has submitted a claim to date. Claimant argues he can simply obtain the other half of Decedent's property by submitting another claim. He offers no citation to any authority to support this argument, nor does he explain why the Bureau, having already determined Claimant is entitled only

---

[3] Pennsylvania law is to the same effect. 20 Pa. C.S. §2103(2).

6

to half of Decedent's unclaimed property, should disburse the remaining half to him upon his demand.

## IV. Conclusion

Based on the foregoing, we conclude the Bureau did not err in finding Claimant failed to sustain his burden to prove entitlement to the remaining half of Decedent's unclaimed property.

_____
ROBERT SIMPSON, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Rudolph R. Sutton,                          :
                Petitioner   :
                          :
           v.   :   No. 1970 C.D. 2016
                          :
Commonwealth of Pennsylvania,               :
Department of Treasury, Bureau of           :
Unclaimed Property,                         :
              Respondent   :

## **O R D E R**

**AND NOW**, this 24th day of January, 2018, the decision of the Pennsylvania Treasury Department, Bureau of Unclaimed Property, is **AFFIRMED**.

 

 

_____
ROBERT SIMPSON, Judge