IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Tiffany Bonita McCall,               :
                 Petitioner     :
                                :
             v.              :   No. 1363 C.D. 2017
                                :   Submitted: May 11, 2018
Pennsylvania Treasury Department,    :
Bureau of Unclaimed Property,        :
                 Respondent     :

BEFORE:    HONORABLE MARY HANNAH LEAVITT, President Judge
               HONORABLE ROBERT SIMPSON, Judge
               HONORABLE JAMES GARDNER COLINS, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY PRESIDENT JUDGE LEAVITT                     FILED: July 20, 2018

Tiffany McCall (Claimant), *pro se*, petitions for review of an order of the Pennsylvania Treasury Department, Bureau of Unclaimed Property (Bureau) denying her claim for certain unclaimed property. In doing so, the Bureau held, *inter alia*, that Claimant failed to prove she was legally entitled to claim the property to satisfy a debt owed to her by the alleged property owner. We affirm.

Claimant filed a lawsuit against the estate of her former landlord, Eugene Best, who had an address listed at 1450 Rainer Road, Brookhaven, Pennsylvania. On May 26, 2016, a Delaware County Magisterial Court entered a judgment in Claimant's favor in the amount of $2,071.

In January 2017, Claimant filed a claim with the Bureau for several items of unclaimed property owned by a Eugene Best with a reported address of 119 East Mount Airy Avenue, Unit 6, Philadelphia, Pennsylvania. The total value of the

unclaimed property, which consisted mostly of stock and dividends, was $1,908.38.[1] On February 23, 2017, the Bureau denied Claimant's claim for lack of entitlement. Claimant filed a petition for review, and a hearing officer was appointed.

At the hearing, the hearing officer and counsel for the Treasury Department raised the issue of whether the unclaimed property owner and Claimant's previous landlord, both named Eugene Best, were in fact the same person. Claimant testified that her former landlord died on September 6, 2014. Claimant's primary evidence was her judgment against the Estate of Eugene Best; she asserted that it was the Bureau's responsibility to resolve the identity issue. The hearing officer suggested that Claimant check the real estate tax records for her former landlord's address at 1450 Rainer Road, Brookhaven, to determine whether tax bills were also mailed to the Philadelphia address associated with the Eugene Best identified as the unclaimed property owner. Claimant was given 20 days to provide additional information to substantiate her claim. On August 4, 2017, Claimant submitted additional evidence in the form of an e-mail communication from "Gene Best" regarding the 1450 Rainer Road property; the residential lease for 1450 Rainer Road;[2] a notice from the Tax Claim Bureau about a potential claim for the 1450 Rainer Road property; and the Magisterial Court's judgment.

---

[1] Property IDs 5049019 and 5049020 were reported by MetLife as demutualization cash and demutualization stock, respectively, with a value of $889.75. Property IDs 5562326, 5562327, 5562328, 5562329, 5562330, 5562331, 5562332, 5562333, 5562334, 5562335, 5562336, 5562337, and 6760069 were reported by Ford Motor Company as dividends with a value of $799.96. Ford Motor Company also reported Property ID 6760070 as unexchanged recapitalization worth $218.67.

[2] The landlord on the lease was listed as "Gene Best aka Genbe Inc." Certified Record, Item No. 7 at 8.

On October 11, 2017, the hearing officer denied Claimant's claim. The hearing officer found that Claimant failed to provide "any proof whatsoever" that the Eugene Best who was her former landlord had any connection to the Eugene Best who owned the unclaimed property. Final Decision at 9. The tax records Claimant obtained for the address in Brookhaven were mailed to a post office box in Brookhaven. Although Claimant testified that she had contact with the administrator of the Eugene Best Estate, she did not provide any court records relating to the Estate. According to the hearing officer, "[i]f there was an [Estate,] there should have been some documentation regarding any real estate owned by the decedent." *Id.* The hearing officer explained that it was Claimant's burden to prove her entitlement and denied her claim based on her "complete lack of evidence[.]" *Id.* at 10.

The hearing officer also offered two alternative grounds for denying Claimant's claim. First, Claimant demonstrated no legal or equitable interest in the unclaimed property because her primary evidence, the judgment from the Magisterial Court, established only that the Estate owed Claimant money. Second, Claimant would be barred from asserting a claim against the unclaimed property by the doctrine of *custodia legis*, which states that property in the possession of the Commonwealth that is owed to an individual is not subject to attachment.

During the pendency of the above administrative proceedings, on May 19, 2017, the Bureau received a claim from Eugene Best's daughter, Edwina Best, for the unclaimed property. Ms. Best provided evidence that Eugene Best was her father and that his social security number matched that reported with the unclaimed properties. Additionally, she provided a death certificate establishing that her father

died in July 1990. The Bureau approved her claim and all of the unclaimed properties were released to Ms. Best on June 1, 2017. Claimant petitioned for this Court's review on November 7, 2017.[3]

Claimant raises three issues in her appeal: (1) whether the Bureau erred in finding that she did not prove her entitlement to Eugene Best's unclaimed properties; (2) whether the Bureau erred in concluding that she lacked any legal or equitable interest in the unclaimed properties; and (3) whether the Bureau violated Pennsylvania rules of court in denying her claim for funds she believes are owed to her to satisfy her judgment against the Eugene Best Estate.

First, Claimant argues that the Bureau erred in holding that she did not establish entitlement to the unclaimed property. Claimant contends that she proved her case by providing the Magisterial Court judgment awarding her $2,071 against the Eugene Best Estate, together with the lease she signed with Eugene Best and a money order associated with that lease. As to the possibility that there are two different Eugene Bests, Claimant argues that it is not her responsibility to resolve that issue. According to Claimant, the Bureau wrongly expected her to prove that she had the correct Eugene Best; her "one and only job" in this case is to prove her entitlement to the unclaimed property. Claimant Brief at 11.

Under Article XIII.1 of the Fiscal Code, entitled Disposition of Abandoned and Unclaimed Property (Unclaimed Property Law),[4] "[a]ll abandoned

---

[3] Our scope of review is to determine whether constitutional rights were violated, whether an error of law was committed, or whether the findings of fact are supported by substantial evidence. *First Federal Savings and Loan Association of Hazleton v. Office of the State Treasurer, Unclaimed Property Review Committee*, 650 A.2d 1166, 1167 n.4 (Pa. Cmwlth. 1994).

[4] Act of April 9, 1929, P.L. 343, added by the Act of December 9, 1982, P.L. 1057, *as amended*, 72 P.S. §§1301.1 – 1301.29.

and unclaimed property and property without a rightful or lawful owner as hereafter set forth is subject to the custody and control of the Commonwealth[.]" Section 1301.2(a) of the Unclaimed Property Law, 72 P.S. §1301.2(a). The purpose of the law "is to provide for the safekeeping of abandoned property" while the Commonwealth attempts to reunite that property with its lawful owner. *American Express Travel Related Services, Inc. v. Sidamon-Eristoff*, 669 F.3d 359, 365 (3d Cir. 2012). The law defines an "owner" as "a person that has a legal or equitable interest in property subject to [the] article" and the property referred to is reported to and within the custodial possession of the Treasury Department. Sections 1301.1 and 1301.14 of the Unclaimed Property Law, 72 P.S. §§1301.1, 1301.14. Thus, the Treasury Department may only deliver property to a claimant who establishes a lawful or equitable ownership interest in the property. *See* 72 P.S. §§1301.1, 1301.14; *see also* Section 1301.20 of the Unclaimed Property Law, 72 P.S. §1301.20. The claimant must prove that interest by a preponderance of evidence. *See Morris v. Pennsylvania Treasury Department Bureau of Unclaimed Property*, 152 A.3d 1083, 1086 (Pa. Cmwlth. 2016).

Here, Claimant's evidence was comprised of the Magisterial Court order against the Eugene Best Estate and documents related to her residential lease with "Gene Best." Claimant offered no evidence, let alone a preponderance of evidence, that her landlord and the owner of the unclaimed property were the same person. In the absence of that evidence, the hearing officer correctly concluded that Claimant did not establish her entitlement to the unclaimed properties.

5

For the foregoing reasons, we affirm the Bureau's decision.[5]

_____
MARY HANNAH LEAVITT, President Judge

---

[5] In light of our disposition, we need not consider Claimant's other issues. In the interest of completeness, however, we offer the following observations. With regard to Claimant's second issue, we note our agreement with the hearing officer that Claimant could not establish the requisite legal or equitable interest in the unclaimed properties. Her judgment from Delaware County declares only that the Eugene Best Estate owes her money; it does not establish an interest in the particular unclaimed property in the Treasury Department's control. As for Claimant's third issue, Claimant does not indicate which Pennsylvania rules of court the Bureau allegedly violated. Finally, even though Claimant does not raise the issue, we note our agreement with the hearing officer that she would have been unable to prevail under the doctrine of *custodia legis*, which provides that, for public policy reasons, property in the possession of the Commonwealth that is owed to an individual is not subject to attachment or garnishment. *See Ramins v. Chemical Decontamination Corp.*, 560 A.2d 836, 840 (Pa. Cmwlth. 1989).

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Tiffany Bonita McCall, | : | |
| Petitioner | : | |
| | : | |
| v. | : | No. 1363 C.D. 2017 |
| | : | |
| Pennsylvania Treasury Department, | : | |
| Bureau of Unclaimed Property, | : | |
| Respondent | : | |

# **O R D E R**

AND NOW, this 20th day of July, 2018, the order of the Pennsylvania Treasury Department in the above-captioned matter dated October 11, 2017, is AFFIRMED.

_____
MARY HANNAH LEAVITT, President Judge